IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL C. BEATTY                )
          Plaintiff,            )
                                )
     vs.                        )          Civil Action No. 06-615
                                )
JO ANNE B. BARNHART,            )
COMMISSIONER OF SOCIAL          )
SECURITY,                       )
          Defendant.            )

JUDGMENT ORDER

Gary L. Lancaster,
District Judge

This is an appeal from the final decision of the
Commissioner denying plaintiff's claim for disability insurance
benefits under Title II of the Social Security Act, 42 U.S.C. §§
401-433. Plaintiff, Daniel C. Beatty, alleges that the
administrative law judge's decision that he is not disabled, and
therefore is not entitled to benefits, should be reversed because
it is contrary to law and not supported by substantial evidence.
The parties have filed cross-motions for summary judgment on this
issue.

Plaintiff filed for benefits on February 19, 2004. Tr.
68-72. Plaintiff alleged that he had been disabled since May 2,
2002 due cervical pain. The state agency denied his application.
Tr. 32-36. Plaintiff then requested an administrative hearing.

Tr. 39.   An administrative law judge ("ALJ") held a hearing on August 19, 2005.   Tr. 389-426.   On August 25, 2005, the ALJ determined that plaintiff was not entitled to benefits.   Tr. 15-22.   Plaintiff timely filed a request for review with the Appeals Council.   On April 14, 2006, the Appeals Council denied plaintiff's request for review. Tr. 7-9.  Thereafter, plaintiff filed the instant complaint.

Plaintiff argues that the ALJ's decision was erroneous. Specifically, plaintiff argues that the ALJ failed to credit the opinion of his treating physician and, therefore, erred in finding that plaintiff had sufficient residual functional capacity to perform light work.  Plaintiff further contends that the ALJ erred in finding plaintiff's subjective complaints of pain not credible.

Where the Commissioner's findings are supported by substantial evidence we must affirm. 42 U.S.C. §405(g); see Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   Substantial evidence is more than a mere scintilla of evidence but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981).   The "substantial evidence" standard of review requires that we review the whole

2

record.  Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).
The claimant has the burden of establishing disability by a
preponderance of the evidence.

        The Court of Appeals for the Third Circuit has noted
that, under the Social Security Act, "a disability is established
where the claimant demonstrates that there is some medically
determinable basis for an impairment that prevents him from
engaging in any substantial gainful activity for a statutory
twelve month period."  Fargnoli v. Massanari, 247 F.3d 34, 38-39
(3d Cir. 2001)(citations and internal quotations omitted).   In
order to establish that he is unable to engage in any substantial
gainful activity, plaintiff's impairments must be "of such
severity that he is not only unable to do his previous work but
cannot, considering his age, education, and work experience,
engage in any other kind of substantial gainful work which exists
in the national economy."   Id. at 39.(citing 42 U.S.C. §
423(d)(2)(A)).

        The Commissioner has promulgated regulations that
establish a five-step sequential evaluation process to determine
whether a claimant is disabled.[1]  First, the Commissioner must
determine whether the claimant is currently engaging in
substantial gainful activity; if so, the claimant is not

_____

    [1]20 C.F.R. §§ 404.1520(b), 416.920(b).

disabled. Second, the Commissioner must determine whether the claimant has a "severe" impairment or combination of impairments; if not, then a finding of nondisability is made and the inquiry ends.[2] Third, if the claimant has a "severe" impairment, the Commissioner must compare it to those in a listing of impairments ("listing") which are presumed to be severe enough to preclude any gainful work. If the impairment meets or equals any within the listing, disability is presumed and benefits are awarded. [3] Fourth, if the claimant's impairments do not meet or equal those in the listing, the Commissioner must determine whether the impairments prevent the claimant from performing his past relevant work activity.[4] Fifth, if the claimant is unable to perform his relevant past work, then a prima facie case of disability is established.[5]

If the claimant establishes a prima facie case, the burden shifts to the Commissioner to demonstrate that the claimant retains the ability to do other work activity and that-- given his or her age, education and work experience--jobs the claimant could perform exist in the national economy. Gilliland

---

[2]Id. §§ 404.1520(e), 416.920(e).

[3]Id. §§ 404.1520(d), 416.920(d).

[4]Id. §§ 404.1520(e), 416.920(e).

[5]Id. §§ 404.1520(f), 416.920(f).

v. Heckler, 786 F.2d 178, 182 (3d Cir. 1986). If the
Commissioner does not meet this burden, the claimant is
considered disabled and benefits are awarded. Reyes v. Bowen,
845 F.2d 242 (10th Cir. 1988).

        The ALJ concluded that plaintiff "has not been under a
disability within the meaning of the Social Security Act..." Tr.
at 15. Specifically, the ALJ determined that plaintiff's
impairments, fusion of the cervical spine in 2001 and opiate
dependence, while severe, were not of such a nature to preclude
all work. Rather, the ALJ found that plaintiff retained
sufficient residual functional capacity to perform "a limited
amount of light work." Tr. 18. Accordingly, the ALJ elicited
testimony from a vocational expert who opined that, assuming
plaintiff's limitations do not allow him to perform the full
range of light work, plaintiff would still be capable of
performing a number of sedentary and light jobs available in the
national economy.

        Plaintiff challenges the ALJ's refusal to accord the
opinion of his treating physicians more deference. Specifically,
plaintiff contests the ALJ's disregard of the residual functional
capacity assessment of his treating physician, Dr. Boyle.
Plaintiff also disputes the ALJ's related finding that plaintiff
had sufficient residual functional capacity to perform light

                                5

work.  Finally, plaintiff objects to the ALJ's determination that his testimony regarding the pain he was suffering was not credible.

The opinion of claimant's treating physicians "should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time."  Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).  In Plummer, the court of appeals held that "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."  Id. at 429.

Here, the ALJ determined that Dr. Boyle's assessment of plaintiffs residual functional capacity was not supported by the clinical findings or by plaintiff's own testimony regarding his daily activities.   The ALJ clearly identified the medical evidence which contradicted Dr. Boyle's assessment.  For example, the ALJ noted that Dr. Boyle gave contradictory residual functional capacity assessments while contemporaneously finding that plaintiff retained normal strength, reflex and sensory capabilities.  Tr. at 21.  The ALJ further noted that Dr. Boyle's conclusion that plaintiff was limited to sedentary work were

6

belied by plaintiff's own testimony that he lived alone and could care for his personal needs.

Despite this conclusion, the ALJ did, however, include additional limitations in the hypothetical posed to the vocational expert. Contrary to plaintiff's assertion, the ALJ did not conclude that plaintiff was capable of a full range of light work. Rather, the ALJ incorporated the plaintiff's medically established limitations into his determination that plaintiff retained sufficient residual functional capacity to perform sedentary and light unskilled work. Tr. at 22. Thus, although the ALJ concluded that Dr. Boyle's assessment of plaintiff's residual functional capacity was not determinative, the ALJ did accord Dr. Boyle's opinion the appropriate amount of deference in light of the entire medical record. Accordingly, the ALJ's decision that plaintiff had the residual functional capacity to perform sedentary and light work was supported by substantial evidence.

Plaintiff further objects to the ALJ's finding that his subjective complaints of pain were not supported by the medical evidence. Plaintiff specifically contends that, although the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms," the ALJ nonetheless concluded that his testimony regarding "the

7

intensity, duration and limiting effects of these symptoms are not entirely credible." Tr. at 20. Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ failed to identify contradictory evidence in the record.

The fact that a person cannot work without some pain does not in itself establish disability. In determining that plaintiff's pain and other impairments did not prevent plaintiff from performing substantial gainful activity, the ALJ found that plaintiff's subjective complaints of pain were not credible. Although such complaints must be seriously considered, Green v. Schweiker, 749 F.2d 1066 (3d Cir. 1984), they are not conclusive, and may be rejected if they are "grossly disproportionate to the medical findings." Baith v. Weinberger, 378 F. Supp. 596, 603 (E.D. Pa. 1974). The degree of a plaintiff's pain must be so severe and continuous as to render plaintiff incapable of performing any occupation suitable plaintiff's age, education, work experience and residual functional capacity. Murphy v. Schweiker, 524 F. Supp. 228, 232 (E.D. Pa. 1981). See 20 C.F.R. § 404.1529.

The ALJ had to "gauge the credibility and weight of the subjective testimony against the other evidence in the record, including adverse objective medical findings, diagnoses, and expert medical opinions." Torres v. Harris, 494 F. Supp. 297,

8

300 (E.D. Pa. 1980), aff'd 659 F.2d 1071 (3d Cir. 1981). The ALJ
may reject the plaintiff's unsupported assertions of disabling
pain if he finds them to be not credible, Farmer v. Weinberger,
368 F. Supp. 1 (E.D. Pa. 1973), and if the reasons therefore
affirmatively appear in the administrative record. Baerga v.
Richardson, 500 F.2d 309 (3d Cir. 1974), cert. denied, 420 U.S.
931 (1975).

We must be ever mindful that it is the ALJ's
responsibility to resolve conflicts in the evidence and to
determine credibility and the relative weights to be given
evidence. Richardson v. Perales, 402 U.S. 389, 399 (1971).
The ALJ's conclusions must be accepted unless they are without
basis in the record; Torres v. Harris, supra, and inasmuch as he
has had the opportunity to observe demeanor and determine
credibility, his judgment on these matters should be given great
weight. Davis v. Califano, 439 F. Supp. 94, 98 (E.D. Pa. 1977).
See also Irelan v. Barnhart, 243 F.Supp.2d 268, 284 (E.D. Pa.
2003).

The ALJ clearly stated his reasons for judging
plaintiff's testimony regarding his pain as not credible. For
example, the ALJ noted that plaintiff engaged in the activities
of daily living. The ALJ further noted that "virtually all
physical examinations revealed normal strength, reflex, and

sensory studies."   Tr. at 20.   The ALJ also noted that
plaintiff's treating physician testified that plaintiff's
neurological studies continued to be normal.  Id.  Finally, the
ALJ noted that "none of the numerous studies revealed the
presence of muscle atrophy as would normally be expected in cases
of prolonged back pain."  Id.  The reasons set forth by the ALJ
are supported by the record.  Accordingly, the ALJ's decision
that plaintiff was not disabled is supported by substantial
evidence.

        Based on the evidence of record and the briefs filed in
support of each party's summary judgment motion, the court
concludes that substantial evidence supports the Commissioner's
finding that plaintiff is not disabled. The decision of the
administrative law judge denying plaintiff's application for
disability benefits will be affirmed.

        AND NOW, this 3/ 5T day of January, 2007, IT IS HEREBY
ORDERED that plaintiff's motion for summary judgment [Doc. No. 6]
is DENIED and defendant's motion for summary judgment [Doc. No.
8] is GRANTED.

                                        BY THE COURT:

                                        S h Lranant, J.

cc:   All Counsel of Record